**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARTIN LEVY,

       Plaintiff,

v.                               Case No. 08-CV-12411

UNUMPROVIDENT CORPORATION,

       Defendant.

_____/

**OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pending before the court is Defendant UnumProvident's "Motion for Summary Judgment." The matter has been fully briefed, and the court concludes a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Defendant's motion for summary judgment.

**I. BACKGROUND**

Because this matter comes before the court on Defendant's motion for summary judgment, the factual background is derived largely from Plaintiff's motion, presented in the light most favorable to Plaintiff. Fed. R. Civ. P. 56. Other uncontested background facts may have been proffered or pointed out by Defendant. Plaintiff Martin Levy is a board-certified oral and maxillofacial surgeon who began his practice in 1970. (Pl.'s Resp. at 6.) Early in his career, Plaintiff purchased eight disability income insurance policies, four of which were issued by National Life of Vermont ("National") and four of which were issued by Provident Life and Accident Insurance Company ("Provident"). At

their core, the policies provide some level of monthly benefit if Plaintiff were no longer able to provide his job functions due to either illness or accident.  (*Id.* at 7.)

On September 20, 2000, Plaintiff, in the course of his job activities, received a six centimeter cut on his left index finger when a lab knife slipped from his grasp.  (*Id.*) Shortly thereafter, and although Plaintiff's treating physician found the wound to be "healing well," with "[n]o signs or symptoms of infection" (Def.'s Mot. at 6), Plaintiff complained of continuing loss of sensation in his finger.  (Pl.'s Resp. at 7.)  Plaintiff's job duties require the manipulation of small, delicate hand instruments (*id.* at 6), and thus, he claimed total disability because of the injury to his dominant hand (*id.* at 7).

Plaintiff made claims and received benefits under all eight of his policies, beginning in October of 2000.  (Def.'s Mot. at 6.)  Plaintiff's insurers, however, determined his condition to be the result of an illness — either a vision problem or carpal tunnel syndrome – and not an injury, thus subject to policy coverage only until Plaintiff reached the age of 65 under the terms of Plaintiff's policies.  (*Id.*)  Plaintiff collected his monthly policy benefits until he reached age 65 in March of 2005, at which point he requested his insurers classify his finger condition as an "'injury' and not a 'sickness.'" His insurers denied the reclassification however, and Plaintiff filed the instant lawsuit.  (Pl.'s Resp. at 8.)

Plaintiff's original complaint, filed in state court, asserted claims for breach of contract, a violation of the Michigan Consumer Protection Act, and "bad faith and egregious conduct" on Defendant's behalf.  (Pl.'s Compl. at 2-3.)  Defendant properly removed Plaintiff's complaint to this court on June 6, 2008, stating:

2

> [Defendant] UnumProvident Corporation is not an insurer or insurance provider and is not a proper party defendant.  UnumProvident Corporation, now known as Unum Group, is a holding company that owns various insurance companies including Provident Life and Accident Insurance Company ("Provident Life"), the company that issued some of the insurance policies listed in Plaintiff's Complaint, and Unum Life Insurance Company of America ("Unum Life"), an insurance company that administers claims on behalf of National Life Insurance Company, the company that issued the other insurance policies listed in Plaintiff's Complaint.

(Def.'s 6/6/08 Not. at 1 n.1.)  One month later, Plaintiff filed an amended complaint in which he dropped two counts and retained his claim for breach of contract.  In his amended complaint, Plaintiff stated that:

> UnumProvident Corporation, now known as Unum Group, is a holding company that owns various insurance companies including Provident Life and Accident Insurance Company ("Provident Life"), the company that issued disability insurance policies as outlined in [Plaintiff's complaint], and Unum Life Insurance Company of America ("Unum Life"), an insurance company that administers claims on behalf of National Life Insurance Company, the company that issued the additional disability insurance policies as outlined in [Plaintiff's complaint], doing business in Oakland County Michigan, and qualified to do business in Michigan.

(Pl.'s Amend. Compl. at 1, ¶ 4.)  Plaintiff's amended complaint did not seek to add any defendants.  As detailed in this court's July 23, 2008 scheduling order, the deadline for a motion to amend, seeking to add "an allegedly indispensable party under Fed. R. Civ. P. 19" was September 15, 2008.  (7/23/08 Order ¶ 2.)  Court-supervised discovery closed on December 31, 2008, and dispositive motions were due on or before January 30, 2009.  (*Id.* ¶¶ 3, 6.)  Defendant filed its current motion for summary judgment on January 30, 2009.

## II.  STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to

3

judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor."  *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).  "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate."  *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial.  *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact.  *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  He must put forth enough evidence to show that there exists a genuine issue to be decided at trial.  *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256).  Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment – the disputed factual issue must be material.

4

*See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original)(citation omitted)).  A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party.  *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

### III. DISCUSSION

### A. Defendant as Proper Party

Amongst Defendant's many arguments for the court to grant summary judgment, its first is dispositive.  Defendant argues that it is "neither an insurer, nor the real party in interest in this action," and is thus not liable for the breach of contract Plaintiff alleges.  (Def.'s Mot. at 11.)  Where, as here, a defendant is a corporation, "[i]t is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries."  *Precision, Inc. v. Kenco/Williams, Inc.*, 66 F. App'x 1, 4 (6th Cir. 2003) (applying Michigan law) (quoting *United States v. Bestfoods*, 524 U.S. 51, 61-62 (1998)).  Thus, unless Plaintiff can provide evidence that a subsidiary "served as a mere instrumentality or adjunct of" its parent corporation, *Herman v. Mobile Homes Corp.*, 26 N.W.2d 757, 761 (Mich. 1947), the separation between the two will not be disregarded and the parent will not be held liable for the acts of its subsidiaries.  *See, e.g.*, *Precision*, 66 F. App'x at 4 ("Michigan

5

courts will pierce the corporate veil and hold the parent company liable for acts of a subsidiary when there is such a complete identity between the defendant and the corporation as to suggest that one was simply the alter ego of the other.") (quotation omitted).

Here, it is undisputed that the named Defendant, UnumProvident Corporation "is a holding company that owns various insurance companies." (Pl.'s Am. Compl. ¶ 2.) As Defendant has made clear at least twice in these proceedings, as a holding company, it "is not an insurer or insurance provider." (Def.'s 6/6/08 Not. at 1 n.1; Def.'s 6/19/08 Mot. at 1 n.1.) Plaintiff's contested insurance policies were not issued by Defendant. As admitted by Plaintiff, the policies were issued by National and Provident, Defendant's subsidiaries. (Pl.'s Am. Compl. ¶ 2.) Thus, absent some dispute of material fact that Defendant was in "such . . . complete identity" with National and Provident such that those subsidiaries were merely Defendant's alter egos, liability cannot attach to Defendant in this matter. *Pettaway v. McConaghy*, 116 N.W.2d 789, 790 (Mich. 1962).

Plaintiff presents no such dispute of fact here. Plaintiff presents only a single, conclusory statement that might arguably be taken as advocating that National and Provident were alter egos of Defendant. Plaintiff states that "[t]hroughout the entire claims period, the majority of communications and decisions regarding [Plaintiff's] benefits were made by employees of [Defendant.]" (Pl.'s Resp. at 4.) But the exhibits Plaintiff provides as support undermine his argument. All four of the letters Plaintiff provides as coming from Defendant's employees are explicitly signed by either

6

employees of Provident or National.[1]  The court concludes there is no genuine issue for

trial as to whether National and Provident were merely alter egos for Defendant.

Therefore, because Defendant, as a parent corporation, is not liable for the acts of its

subsidiaries, *Bestfoods*, 524 U.S. at 61-62, Defendant is not a proper defendant in this

matter.

### B.  Motion to Amend

Plaintiff admits that "the nuances relative to the corporate structure of

[Defendant], National Life of Vermont and Provident Life & Accident are understood."

(Pl.'s Resp. at 4.)  Yet, in the more than seven months between Defendant first

disclosing its corporate structure and its later motion for summary judgment, Plaintiff did

not seek to amend his complaint and alter the defendants in this case.[2]  Plaintiff waited

until filing his response to the instant motion for summary judgment to state that he "is

prepared to file an Amended Complaint naming National Life of Vermont and Provident

Life & Accident."  (*Id.*)  Even if the court were to construe Plaintiff's statement as

seeking leave to amend his complaint, after the deadline for adding parties, after the

---

[1]  Although each of the letters contains a masthead reading "Unum," each letter – after the signor's name – lists the signor's employer.  (Pl.'s Resp. Ex. 4, "Customer Care Center, Provident Life and Accident Insurance Company"; Ex. 5, "Kelly Marie McGrath, Customer Care Specialist, Provident Life and Accident Insurance Company, National Life Insurance of Company of Vermont"; Ex. 6, "Julie Ferretti, Senior Customer Care Specialist, Provident Life and Accident Insurance Company, National Life Insurance of Company of Vermont"; Ex. 7, "Julie Ferretti, Senior Customer Care Specialist, Provident Life and Accident Insurance Company, National Life Insurance of Company of Vermont"; Ex. 8, "Brian Chenevert, Sr. Disability Benefits Specialist, Provident Life and Accident Insurance Company".)

[2]  As noted earlier, Plaintiff did amend his complaint on July 24, 2008.  But that amendment served only to drop two prior causes of action; it did not seek to add or drop any parties.

7

close of discovery, and after the time for filing pretrial motions, leave would not be granted. For clarity and completeness, though, the court will proceed to discuss as though Plaintiff had filed such a motion.

At this late stage in the litigation – and after Plaintiff has already submitted one amended pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) ("Rule 15"). Thus, "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant . . ., undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation omitted). Rule 15 works in conjunction with Federal Rule of Civil Procedure 16(b), however, which requires the court to limit the time "to join other parties and to amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A) ("Rule 16a"). In combination, Rules 15 and 16 are designed to "ensure that 'at some point both the parties and the pleadings will be fixed.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting Fed. R. Civ. P. 16 advisory committee's note (1983)). Rule 16 does provide some allowance for amending the pleadings after a deadline imposed by the court, in the form of a modification of the scheduling order, but "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

To deny a motion to amend the pleadings, the court "must find 'at least some significant showing of prejudice to the opponent.'" *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th

Cir. 1986)).  Such significant prejudice can exist where a motion to amend is filed after

the close of discovery, unless there is good cause for the delay.  *Duggins*, 195 F.3d at

828 (collecting cases).  The prejudice may be particularly evident where the deadlines

for discovery and dispositive motions have passed and a motion for summary judgment

has already been filed.  *Id.*

      Here, the court finds that such significant prejudice exists.  Court-supervised

discovery ended over four months ago (7/23/08 Order ¶ 3), and Defendant filed its

motion for summary judgment three months ago.  The parties Plaintiff now wishes to

add, National and Provident, have not been part of this litigation.  The mere fact that

Defendant, as those parties' parent corporation, has a "learned understanding of the

issues presented" (Pl.'s Resp. at 5) cannot avoid the reality that National and Provident

have not taken their own discovery or been permitted to participate in motion practice.

To add those parties now, after discovery and dispositive motion deadlines have

passed, would force those parties to cobble together the discovery performed by their

parent corporation in the hopes of fashioning a viable defense.

      Further, Plaintiff's conclusion that Defendant has not alleged any prejudice (*id.* at

4) is not persuasive.  Plaintiff provides no evidence that Defendant anticipated adding

its subsidiaries to this action.  The court cannot conclude that Defendant prepared for

the addition of these potential co-defendants, nor does it seem likely that Defendant

was privy to all the past interaction between Plaintiff and Defendant's subsidiaries –

useful, and perhaps critical, information for defending against this lawsuit.  In short,

forcing Defendant to proceed with additional defendants, at this late stage in the

litigation, without the benefit of additional discovery or further dispositive motions,

demonstrates significant prejudice were the court to grant a motion to amend.

To alleviate the significant prejudice newly added defendants would face, the court could alter its Rule 16 scheduling order and extend the now-expired deadlines for discovery and motion practice.  To do so, however, would require Plaintiff to demonstrate "good cause."  Fed. R. Civ. P. 16(b)(4).  Plaintiff makes no such showing. Indeed, the court is mystified as to why – after being notified of Defendant's status as a parent corporation over seven months ago – Plaintiff would wait until a summary judgment response to mention his interest in seeking leave to amend and add National and Provident.  Even if Plaintiff had failed to notice the signatures and employee titles in his claim correspondence (*supra* at 7 n.1), he was certainly aware of the corporate structure when he included it in his amended complaint on July 24, 2008.  (Pl.'s Am. Compl. ¶ 2.)  Plaintiff's clear and knowing decision to take no action until after the explicit deadlines belies any assertion of good cause for the delay.  Therefore, the court will not alter its scheduling order to alleviate the significant prejudice both Defendant and any newly added defendants would face upon being brought into this suit at this stage.

In sum, upon viewing the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor, the court concludes Defendant is not liable for the alleged contract breaches of its non-party subsidiaries.  Further, the court finds that granting an implied request by Plaintiff to add parties at this late stage in the litigation would cause significant prejudice because of an inability to conduct additional discovery or file further dispositive motions.  Plaintiff has not shown good cause for the court to alter its scheduling order.

**IV.  CONCLUSION**

Accordingly, IT IS ORDERED that Defendant's "Motion for Summary Judgment"

[Dkt. # 9] is GRANTED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 20, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, May 20, 2009, by electronic and/or ordinary mail.

 S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522